[Crim. Nos. 5284, 5285.  Second Dist., Div. Three.  May 23, 1955.]

THE PEOPLE, Respondent, v. LEONARD A. WOODS, Appellant.

Al Matthews and John J. Hamilton for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with violation of section 11500 of the Health and Safety Code in that on April 10, 1954, he unlawfully had marihuana in his possession.  He admitted an allegation in the information that on or about April 27, 1951, he had been convicted in the Superior Court of Los Angeles County of violation of said section 11500, a felony.  In a trial by jury, he was found guilty as charged.  He appeals from the judgment (entered July 6, 1954).

In said case in which he had been previously convicted, the imposition of sentence was suspended and probation for

three years was granted. The order therein denying his motion for a new trial was affirmed on appeal. (*People* v. *Woods,* 108 Cal.App.2d 50 [238 P.2d 124].) On July 6, 1954, at the time of pronouncing judgment upon the second conviction (the offense committed on April 10, 1954), the court referred to the first conviction and the order granting probation, and said: ''The defendant has violated the terms of his probation by the commission of the instant offense, probation is therefore revoked and the defendant is sentenced to State Prison for the term prescribed by law. These two sentences are ordered to run concurrently.'' Thereupon (on July 6, 1954) a judgment upon the first conviction was rendered, revoking probation and ordering imprisonment in the state prison. Defendant also appeals from that judgment. That notice of appeal states he appeals from the judgment and sentence, ''based upon alleged violation of probation in the above entitled case [No. 139926—first conviction], because of conviction in violation of Section 11500 Health and Safety Code in case No. 164068 [second conviction].''

As to the judgment upon the second conviction, appellant contends that the verdict is contrary to the evidence and the law.

As to the judgment upon the first conviction which was based upon the order revoking probation, appellant contends that since the order revoking probation was predicated upon the second conviction, and since the second conviction was erroneous and should be reversed, the judgment upon the first conviction should also be reversed.

Officer Wiseman testified that on April 10, 1954, about 10 p. m., he and Officer Dorrell went to a certain residence in Los Angeles and ''they just walked in,'' without previously making their presence known. There were four or five men and a woman in the house. After the officers had been there about 45 minutes, there was a knock at the door and when Officer Dorrell opened the door the defendant and another man entered. Defendant had his hand in his left coat pocket. Officer Wiseman asked him to remove his hand, but he refused to do so. The officer (witness) grabbed defendant's left forearm, and then the defendant ''withdrew free of'' the officer and put his hand toward his (defendant's) mouth in a fast motion. The two officers grabbed defendant and a struggle ensued, and at that time Officer Wiseman (witness) observed a piece of brown wrapped paper cigarette fall from defendant's left hand and fall toward the floor, but

he did not see it land on the floor. He saw Officer Dorrell retrieve "a piece of paper" and keep it in his possession. When the defendant "was taken to the floor" his hand was forced away from his mouth. In the struggle the two officers and defendant were down on the floor. While defendant was on the floor, Officer Wiseman told defendant to open his mouth so that the officer could look inside. Defendant opened his mouth, and Wiseman placed his handcuffs in the lower part of defendant's mouth so that Wiseman could look into defendant's mouth. He used the handcuffs, rather than his finger, because he did not want the defendant to bite his hand. He testified further that he saw Officer Dorrell mark, with his initial, the "piece of paper" which he had retrieved. Later, he (witness) looked at the paper more closely and it looked like a portion of a brown paper wrapped cigarette containing a brownish green material. He saw Officer Dorrell place the paper in an envelope and seal it. An envelope, Exhibit 1 for identification, is the envelope in which the paper was placed. The object which was taken from the envelope, at the trial, is the same portion of the cigarette that he saw fall to the floor. Defendant told the officers that he bought the cigarette that night from a boy at 54th and Central for 50 cents, that he had been smoking it on the way to the house and the reason he had it in his pocket was that he didn't want to throw it away and didn't want to go into the house smoking it. He also said that he used the "weed" but he did not use any "hard stuff." The witness (Wiseman) testified that in the language of narcotic users the word "weed" means marihuana; and that the words "hard stuff" refer to heroin.

Officer Dorrell testified that he was in said house with Wiseman when defendant and another man came in. While he was watching the other man, he (witness) saw defendant and Wiseman make a quick movement, and then he saw that defendant had his left hand near his (defendant's) mouth and that Wiseman had defendant by the arm. Dorrell grabbed defendant and attempted to remove his hand from his mouth. Dorrell picked up a brown paper wrapped cigarette that was partly smoked. He recognized Exhibit 1,—the initials on it were placed there by him. He was a party to the struggle, and eventually he was on the floor. While he was on the floor he told defendant to open his mouth. Defendant then stated, "I swallowed it." Dorrell did not see anything leave defendant's hand; he just picked the cigarette up off the floor.

It was stipulated that Officer Allen was qualified to make an examination of the contents of the envelope, Exhibit 1; and that he would testify that he examined the cigarette butt referred to and found that it contained a quantity of loose green material which was marihuana.

Defendant did not testify.

One. Brown, called as a witness by defendant, testified that he resided in the house herein referred to. The two officers were in the house before defendant came in. Defendant was a cleaner who came to his house to pick up some clothes. When the doorbell rang an officer opened the door and the two officers grabbed defendant and there was a tussle in the front room. After the tussle the officers picked up a short marihuana cigarette from the floor. Before they picked it up he (witness) had it in his possession; he had been smoking it before defendant came in, and it was knocked from his hand at the time Wiseman rushed to the door. On cross-examination, he testified that just before the officers came in he was rolling marihuana cigarettes from loose material that was on the kitchen table; the officers put the substance, which was his marihuana, in a can; they placed him under arrest, for possession of the cigarette and the loose material, before defendant arrived; the case against him for possession of marihuana was still pending (at the time of the trial herein); he told the officers that all the stuff in the house was his; defendant came to his house at his request to pick up cleaning. On redirect examination, he testified that he had pleaded not guilty to the said charge against him.

One Crouch, called as a witness by defendant, testified that he had known defendant about 25 years, and that defendant had a cleaning and pressing establishment. On April 10, 1954, he was helping defendant in his business and they were picking up clothes. He and defendant went to the house referred to herein around 10 p. m. When defendant knocked on the door one of the officers opened it and defendant went in ahead of the witness. The witness saw both officers in the scuffle and "all three of them" were on the floor. When the officer was putting the handcuffs in defendant's mouth one of the officers said, "Oh, let him up, he swallowed it already." When the officer got up he looked down and said, "Oh, no, here it is here." Defendant was not smoking as they approached the house.

One Morris, called as a witness by defendant, testified that he was in the house on April 10. Defendant entered the house

with his hand in his pocket and one of the officers ordered him to take his hand out of the pocket. Defendant was reluctant to remove his hand, and he was hit. He threw up his hands, and one of the officers grabbed him and the other officer continued to hit him and they all fell to the floor. One of the officers attempted to pry defendant's mouth open with handcuffs. Then the officer said, "Oh, he swallowed it, let him up." After he was up, one of the officers stooped to the floor and picked up something and said, "Oh, it is a roach, this is it." On cross-examination, he testified that before the officers came in he saw Brown make a marihuana cigarette; there was loose marihuana on the kitchen table; that the word "roach" means a part of a marihuana cigarette.

Appellant's contention that the verdict upon the second conviction is contrary to the evidence and the law is not sustainable. There was evidence that Wiseman saw a piece of cigarette fall from defendant's hand; that Dorrell picked up part of a cigarette (Exhibit 1) and marked it with his initials; that it was a marihuana cigarette; that defendant said that he bought the cigarette for 50 cents and had been smoking it on the way to the house and had it in his pocket when he entered the house. Defendant did not testify.

As stated in *People* v. *Steccone*, 36 Cal.2d 234, 239 [223 P.2d 17], " '. . . if it appears from the evidence that defendant could reasonably be expected to explain or deny evidence presented against him, the jury may consider his failure to do so as tending to indicate the truth of such evidence. . . .' " Defendant argues that the testimony on behalf of defendant renders the evidence of the People "highly impossible inherently." There were witnesses, called on behalf of defendant, who testified that after the tussle an officer picked up a part of a cigarette. One of those witnesses, Brown, said that he had been smoking the cigarette before defendant arrived, and that it was knocked from his hand when Wiseman rushed to the door. That testimony of Brown, if believed, would have established that defendant did not have possession of the cigarette. The jury, however, did not believe that testimony. The evidence supports the verdict.

The conduct of Arnold G. Wiseman, a policeman of the city of Los Angeles, in putting handcuffs in defendant's mouth was brutal and lawless. That conduct indicates that he is not qualified to perform the duties of policeman and seriously reflects upon his credibility as a witness. Also, such conduct reflects unfavorably upon the qualifications of his

superior officers. ▮ A defendant "may not be convicted on the basis of evidence obtained by the use of the rack or the screw or other brutal means no matter how reliable the evidence obtained may be. (*Rochin* v. *California, supra,* 342 U.S. 165.)" (*People* v. *Cahan,* 44 Cal.2d 434, 447 [282 P.2d 905] ; see also *People* v. *Martinez,* 130 Cal.App.2d 54 [278 P.2d 26].) In the present case, however, the evidence upon which the conviction was based was not obtained by the brutal use of the handcuffs. There was no evidence that the cigarette was taken from defendant's mouth or that it was in his mouth during the struggle. There was evidence, including the testimony of defendant's witness Brown, that the cigarette was on the floor before the handcuff brutality. It seems that Wiseman's search of defendant's mouth, by using the handcuffs as a hook with which to hold his mouth open, was an unsuccessful attempt to obtain further evidence. Appellant makes no point on appeal regarding the lawless acts of Wiseman.

With reference to the judgment upon the first conviction which included an order revoking probation, appellant contends, as above stated, that the judgment should be reversed because it was predicated upon the second conviction which was erroneous. In view of the conclusion hereinabove stated to the effect that the second conviction was not erroneous, the said contention of appellant as to the judgment and order upon the first conviction is not sustainable. The order revoking probation is supported by the evidence herein. The evidence with respect to the first conviction was reviewed upon defendant's appeal from the order denying his motion for a new trial (*People* v. *Woods, supra,* 108 Cal.App.2d 50 [238 P.2d 124] ), and it was held therein that the evidence was sufficient to sustain the finding of guilt.

The judgment in case No. 5284 (superior court No. 164068) is affirmed. The judgment, and order revoking probation, in case No. 5285 (superior court No. 139926) are affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied June 6, 1955.