[Crim. No. 7624.   Second Dist., Div. Three.   Nov. 8, 1961.]

THE PEOPLE, Respondent, v. SILAS WILLIAMS, Appellant.

Silas Williams, in pro. per., and Earl Klein, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Edmond B. Mamer, Deputy Attorney General, for Respondent.

SHINN, P. J.—Silas Williams was charged in an information with the crime of having a narcotic in his possession.

He was also charged with seven prior felony convictions. He pleaded not guilty, denied the priors and waived a jury trial. It was stipulated by counsel that the case of the People was submitted on the arrest report and that the statements in the report should be given the force and effect of testimony given by authors of the report. Each side reserved the right to offer additional evidence. The People offered none; defendant gave his own testimony. Records of defendant's prior convictions were received.

Williams was found guilty and the allegation of the seven priors was found to be true. Probation was denied and defendant was sentenced to the state prison. In propria persona he noticed an appeal from the judgment and an order denying his motion for a new trial. There was no motion for a new trial.

In the police report there were statements of the following facts. Officers Higgins and Waugh observed defendant in a 1954 Dodge go through a boulevard stop. The officers were forced to apply their brakes violently to avoid a collision. They pursued defendant, using their red lights and repeatedly blowing their horn. Williams failed to stop for approximately one block. During the time the officers were pursuing him, they observed him leaning over and apparently placing something under the passenger's seat. Defendant stopped his car out in the street, away from the curb; he alighted and walked back toward the officers. There was no odor of alcohol on him. When asked if he had been drinking he answered in the negative. The officers then asked him: "Well, what's wrong? Do you use Narcotics? Are you a Hype?" Williams stated: "Yes, I'm a hype. I don't have any marks. I horn through my nose." Defendant was given a traffic citation. The report says: "Deft was placed under arrest with the above charge. Officer Waugh then went to the frt seat of Deft's vehicle and under a plastic mat on the rt/side removed a wht paper envelope folded and held with a rubber band." It contained six white-wrapped paper bindles, each containing heroin. Defendant stated: "I just picked those papers up from a guy over on Adams and Central. I don't know his name. I've been using Narcotics for 16 or 17 yrs. I've never been arrested. I have about a 15 or 20 dollar a day habit. . . ."

In defense Williams denied that he stooped or made any motion in the direction of underneath the front seat. He stated that when asked by the police officer if he was under the influence of narcotics, he replied that he did not use it

and did not know what it was. He further denied that he told the officers that he had a 20 dollar a day habit. He claimed that while he was signing the traffic ticket on the hood of the police car one of the officers went to his car and searched it.

Defendant's only contention is that the arrest, search and seizure made without a warrant were unlawful. We find no merit in the contention.

Time and again it has been said that reasonable cause for an arrest is shown when a man of ordinary care and prudence, knowing what the arresting officer knew, would be led to believe or conscientiously entertain a strong suspicion of the guilt of the accused. (*People* v. *Carnes*, 173 Cal.App.2d 559, 565 [343 P.2d 626].) The rule should not be understood as placing the ordinary man of ordinary care and prudence and the officer experienced in the detection of narcotics offenders in the same class. Circumstances and conduct which would not excite the suspicion of the man on the street might be highly significant to an officer who had had extensive training and experience in the devious and cunning devices used by narcotics offenders to conceal their crimes. The apparent attempt of defendant to place something under the front seat was a suspicious circumstance. (*People* v. *Sanson*, 156 Cal.App.2d 250, 251-254 [319 P.2d 422].) From defendant's admission to the officers that he used narcotics and his language which demonstrated a familiarity with terms used by those engaged in narcotic traffic, it could have been inferred that defendant had possessed and might be in possession of narcotics in violation of Health and Safety Code, section 11500. (*People* v. *Rios*, 46 Cal.2d 297, 298, 299 [294 P.2d 39].)

Other slight circumstances were that defendant drove through a boulevard stop, almost collided with the officers, failed to heed their warnings until he had traveled about a block and then stopped his car out in the street, away from the curb. Also when the cars were stopped, instead of waiting for the officers to approach his car, which is the customary thing, defendant left his car and walked back to the officers' car, evidently hoping that they would not have an opportunity to look into his car. The officers had good grounds for an immediate arrest.

The arrest being lawful, a search and seizure incident thereto would also be legal. (*People* v. *Adame*, 169 Cal. App.2d 587, 598 [337 P.2d 477].)

We trust this is the last case we shall have in which the evidence of the People in a felony trial consists of a police report. It is a poor way to try a case. If the facts stated in the report are sufficient to prove the offense charged the defendant should not forego the right of cross-examination. If, standing alone, the facts are insufficient to prove the offense, the People should either call the officers as witnesses or dismiss the case.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1962.