[Crim. No. 8517.   Second Dist., Div. One.   May 15, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. ROBERT ALLEN
PEARSALL, Defendant and Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Harry Sondheim, Deputy District Attorneys, for Plaintiff and Appellant.

Herman A. English for Defendant and Respondent.

WOOD, P. J.—The People appeal from an order granting defendant's motion to dismiss the information under section 995 of the Penal Code. He was accused of unlawfully possessing marijuana.

The record on appeal does not include a recital of the contents of the motion. Said section 995 provides, in part, that an information must be set aside, upon motion of the defendant, if the defendant has not been legally committed by a magistrate or has been committed without reasonable or probable cause.

The transcript of the preliminary examination shows that officer Hardwick testified in substance, as follows: On March 22, 1962, about 1:15 a.m., while he and another officer were walking on West Adams Boulevard in Los Angeles, he saw the defendant sitting in the left front part of an automobile which was parked in front of Dynamite Jackson's Bar, and apparently defendant was asleep. He (witness) aroused the defendant by tapping on the car window, and then asked him to step to the sidewalk. Defendant went there, and the officer observed that defendant's condition was stuporous, his eyes were bloodshot, and there was an odor of alcoholic beverage on his breath. The officer, after

forming the opinion that defendant was drunk and unable to care for himself, placed him under arrest for violating section 647, subdivision (f), of the Penal Code. (That code provision is to the effect a person shall be guilty of disorderly conduct, a misdeameanor, who is found in any public place under the influence of intoxicating liquor in such condition that he is unable to exercise care for his own safety or the safety of others.) The officer made a cursory search of defendant, but found nothing at that time. Then the officers searched defendant's car for narcotics and any other contraband, and found a 6-inch hunting knife in the glove compartment. The officer (witness) had asked the defendant what was in the trunk of the car, and defendant replied, "Nothing." When the officer asked defendant whether he would object if the officer looked in the car trunk, he replied, "No," and then opened the trunk. The officer did not recall whether he asked permission to look in the glove compartment. Then the officer had a conversation with defendant wherein the defendant said, in response to questions, that he was waiting for his friend to come out of the Dynamite Jackson Bar; and he had had a couple of drinks at that bar; that he had been arrested for robbery and possession of narcotics; that he had served time, and was then on parole, for robbery. After that conversation, the officer made a closer search of defendant and found, in his vest pocket, a brown cigarette which was in aluminum foil. Defendant said that he had bought the cigarette from Big Johnny for fifty cents. He also said that he owned the car.

It was stipulated, at the preliminary examination, that it would be deemed that Mr. Bringle, a chemist, had testified that the cigarette (a part of Exhibit 1 for identification) contained marijuana.

At the preliminary examination, counsel for defendant made a motion to strike the testimony on the ground that this was an unlawful arrest and there was not sufficient probable cause to indicate to the police officer that a misdemeanor was committed in his presence. The motion was denied. Thereupon Exhibit 1 for identification was offered and received in evidence. Defendant did not testify. The officers did not have a search warrant or a warrant of arrest.

A peace officer may, without a warrant, arrest a person when he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence. (Pen. Code, § 836.)  ▪ Reasonable cause for an arrest "is

shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." (*Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250].) ■ "There is, of course, nothing unreasonable in an officer's questioning persons outdoors at night." (*People* v. *Simon,* 45 Cal.2d 645, 650 [290 P.2d 531]; see *People* v. *One 1958 Chevrolet,* 179 Cal. App.2d 604, 610 [4 Cal.Rptr. 128].) In the present case, about 1:15 o'clock at night, the police officer saw the defendant, who apparently was asleep, in the driver's seat of an automobile that was parked in front of a liquor saloon. After arousing the defendant and observing him while he went to and stood upon the sidewalk, the officer formed the opinion that he was under the influence of intoxicating liquor and was violating section 647, subdivision (f), of the Penal Code, a misdemeanor. Thereupon, the officer arrested him for that offense. In respondent's (defendant's) brief it is asserted that the officer was initially of the opinion that defendant was drunk, but the record dows not indicate that he continued in such belief after questioning him, and consequently the searches of defendant and his automobile were unreasonable and unlawful. It seems to be his position that since the record does not show that the officer eventually preferred a charge of intoxication against defendant, the officer did not in fact believe, at the time of the searches, that the defendant was intoxicated. It is reasonable, of course, to assume that since the defendant was eventually chrged with the greater offense of possession of marijuana, the lesser offense was disregarded. ■ In any event, it is implicit in the order of commitment that the magistrate found, as a fact, that the officer was of the opinion that the defendant was intoxicated in violation of said section 647, subdivision (f), and that the cursory (first) search and the close (second) search of defendant were made as incidents of the arrest, and that the second search was also made as a result of factual information received in conversations with defendant after the arrest. There was substantial evidence to support such a finding by the magistrate.

■ " 'On a motion to set aside an information, the court may not substitute its judgment as to the weight of the evidence for that of the magistrate conducting the preliminary examination. On such motion the court will not inquire into the sufficiency of the evidence if there is some evidence in

support of the information.' " (*People* v. *Jackson,* 146 Cal. App.2d 553, 556 [303 P.2d 767].)

The case of *People* v. *Smith,* 153 Cal.App.2d 190 [314 P.2d 31], was factually similar to the present case. In that case the officer saw the defendant, about midnight, standing on a corner waving his arms, pulling his hair, and trying to undress. The officer arrested him on a charge of being drunk, searched him, and found a capsule of heroin in his shirt pocket. It was held therein that there was probable cause for the arrest and the arrest was lawful. ■ A search without a warrant is valid where it is incident to a lawful arrest, if it is reasonable and made in good faith. (*People* v. *Winston,* 46 Cal.2d 151, 162 [293 P.2d 40].) ■ In the present case, after the 6-inch hunting knife had been found in the automobile and the officers had obtained the further information from defendant that he was on parole for robbery and had been arrested on a narcotics charge, they were justified in making the second search of defendant. The arrest herein was lawful and the searches were incidents to the arrest. The court erred in granting the motion to dismiss.

The order dismissing the information is reversed.

Fourt, J., and Lillie, J., concurred.