[Crim. No. 2077.   Fourth Dist.    Feb. 25, 1965.]

THE PEOPLE, Plaintiff and Appellant, v. RAUL B.
SOLORIO et al., Defendants and Respondents.

528

Lowell E. Lathrop, District Attorney, and M. Stanford Tomlinson, Deputy District Attorney, for Plaintiff and Appellant.

Charles E. Ward, Public Defender, Richard P. Barbour, Deputy Public Defender, Theodore G. Krumm and C. A. Broderick for Defendants and Respondents.

FINLEY, J. pro tem.*—This is an appeal from an order dismissing an information (Pen. Code, § 995) which charged defendants with possession of narcotics (Health & Saf. Code, § 11500). A motion to dismiss a previous appeal containing the same charges had been granted after the defendants were held to answer following a preliminary hearing. A second preliminary hearing having resulted in the defendants again being held to answer, the People filed a second information. The defendants made another Penal Code section 995 motion which the superior court granted, from which order this appeal is taken.

While on patrol of a wash, a police officer spied an auto parked behind a clump of trees. The officer dismounted from his motorcycle approximately 150 feet from the car. At this time the officer saw the two defendants inside the vehicle. Because the officer approached the car through a dry creek bed, he did not observe the car continuously during his approach. Arriving at the car, the officer asked the defendants what they were doing. They said they were having a picnic and listening to the radio. The officer saw no food but he did hear a radio playing. By this time another officer had arrived on the scene. The defendants consented to a search of the car, which belonged to defendant Solario's sister. The officers found a Kleenex box near the glove compartment containing pink Kleenex; a crumpled pink Kleenex was found in the ash tray with a reddish brown stain, giving the appearance of a bloodstain; a jewel box was found in the front seat containing a white residue. The ground around the car had been graded and was made soft by rain of the previous night. No tire prints other than those of the defendants' vehicle appeared in the soft ground. Eight feet from the left-hand door of the vehicle, a yellow balloon wrapped in pink Kleenex was found containing a substance

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

later ascertained to be heroin. The Kleenex was dry and did not appear to have been out in the rain of the previous night. There were no footprints near it. Also, on the left-hand side of the auto, 6 or 7 feet from the driver's seat, the officers found the bowl of a spoon. Its convex side had been burned and residue found in the bowl was later ascertained to be heroin residue. The handle of the spoon was found 15 feet from the car on the same side. Inside the car, under the driver's seat, the officers discovered an eyedropper, also later found to contain heroin residue. Needle marks of recent origin were found on the inside of the elbow joints of both defendants. Under the marks were knots or raised areas similar to those which normally rise where heroin is injected. Urine samples taken at the police station were found to contain morphine, which, the evidence showed, could have come from the heroin. Defendant Vega admitted that he had used narcotics the day before the arrest. Both defendants denied any knowledge that the balloon contained heroin.

The People contend that the evidence presented at the preliminary hearing was sufficient to justify the magistrate in holding the defendants to answer and therefore the superior court improperly granted the motion to set aside the information. We agree. It is stated in *People* v. *Platt*, 124 Cal.App.2d 123, 131 [268 P.2d 529] : "On a motion to set aside an information, the question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. The court is only to determine whether the magistrate, acting as a man of ordinary caution or prudence, could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendant had participated. (Citation omitted.) A court may not substitute its judgment as to the weight of the evidence for that of the magistrate. If there is some evidence to support the information, the courts will not inquire into its sufficiency. Under section 995 of the Penal Code, the information will be set aside only where there is no evidence that a crime has been committed or there is no evidence to connect the defendant with a crime shown to have been committed. (Citation omitted.) "

Penal Code, section 872, requires a defendant to be held to answer if "it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof . . ." ██ "Sufficient

cause'' means such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused. (*Rogers* v. *Superior Court,* 46 Cal.2d 3, 7-8 [291 P.2d 929].)

The public offense assertedly committed by the defendants was possession of narcotics. ▮ To establish unlawful possession of narcotics, it must be shown that the defendants exercised dominion and control over the narcotic with the knowledge of its presence and narcotic character. (*People* v. *Redrick,* 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255] ; *People* v. *Jackson,* 198 Cal.App.2d 698, 704-705 [18 Cal.Rptr. 214].) ▮ Possession and knowledge may be proved by circumstantial evidence and any reasonable inferences drawn therefrom. (*People* v. *Groom,* 60 Cal.2d 694, 696-697 [36 Cal. Rptr. 327, 388 P.2d 359] ; *People* v. *Gallagher,* 168 Cal.App.2d 417, 423 [336 P.2d 259].) [5] Neither exclusive possession of the premises nor physical possession of the narcotic is necessary. (*People* v. *Magdaleno,* 158 Cal.App.2d 48, 51 [322 P.2d 89].) ▮ ''The possession may be individual, through an agent, or joint with another.'' (*People* v. *Bigelow,* 104 Cal.App.2d 380, 389 [231 P.2d 881].)

▮ The facts here establish that a magistrate could conscientiously entertain a reasonable suspicion that a public offense had been committed in which the defendants had participated.

Order reversed.

Coughlin, Acting P. J., and Brown (Gerald), J., concurred.