[Crim. No. 13280.   Second Dist., Div. Five.   Feb. 29, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ELLEN LEE
TOWNER, Defendant and Appellant.

Daniel L. Dintzer, under appointment by the Court of
Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Megan A. Geffeney, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J. — Defendant Towner and codefendant Watson were charged by information with violation of Health and Safety Code, section 11911 (possession of a dangerous drug for sale). Defendant pleaded not guilty and waived her right to trial by jury. The matter was submitted on the testimony contained in the transcript from the preliminary hearing, subject to the court's rulings, with each side reserving the right to present additional testimony. At the conclusion of the trial the court found the defendant guilty of violating section 11910 of the Health and Safety Code (possession of a dangerous drug), a lesser but necessarily included offense. Defendant was sentenced to one year in the county jail. She appeals from the judgment.

The sole contention on this appeal is that the arresting officers did not have probable cause to arrest defendant and therefore the contraband seized incident to the arrest is not admissible into evidence.

Officer White of the Los Angeles Police Department, one of the officers participating in the arrest, testified in substance that he was experienced in narcotic control police work; that he had made numerous arrests for narcotics violations at the same location and on previous occasions had seen the defendant there; he had information from businessmen and residents of the area, as well as from police undercover agents concerning the activities of the defendant and codefendant; he also had been in contact with codefendant and had reviewed codefendant's police department records concerning dangerous drug activity. He further testified that on June 4, 1966, at about 9:30 p.m., he was observing an area of the 5900 block of Avalon Boulevard in Los Angeles. The area under observation was illuminated by the lights of a liquor store. He was on the roof of a mattress factory on the other side of the street from the store. The roof location was approximately 100 feet across from the observed area, and 35 feet up from the ground. At about 9:45 p.m. he observed a man walk up to the defendant and then hand her something. She placed it in her pocket. She then turned to the south, placed her hand in the area of her breast, and then appeared to hand something to the man. At that time codefendant walked up to defendant and the two walked over to a car; the defendant got in and the car was

driven away. Codefendant remained at the location, and about two minutes later, a man approached him. Codefendant pointed to another lady, and the man walked over to her and appeared to hand her something. The man walked back to codefendant, who bent over and removed a shiny object from the area of his shoe or sock, and handed it to the man. Officer White related that codefendant went through similar procedures with three more men who approached him. About 10:40 p.m., the defendant returned, and within five minutes, another man approached her and appeared to give her something which she placed in her jacket pocket. Defendant was observed to reach into the area of her breast, then appeared to hand something to the man. Officer White testified that he then formed the opinion that the defendant and codefendant were engaged in the sale of contraband, and he and his partner left the roof area to arrest them. The defendant was placed under arrest. Officer White thereafter entered a hotel doorway just to the north of the liquor store, checked the area, and found six foil-wrapped packages of pills. Codefendant was then arrested. Officer White advised both defendant and codefendant as to their constitutional rights, and each defendant stated he understood. Then a search of Watson was conducted. The search produced 17 foil-wrapped rolls of benzedrine pills from codefendant's sock. The defendant was transported to the Georgia Street juvenile facility, where she was searched by two policewomen. The search revealed 23 foil-wrapped packages of pills.

The defendant's sole contention on this appeal, that the officers lacked probable cause for the arrest, is unsupported by the evidence. It is unnecessary to consider this case as one involving an informer plus corroborative data, as is suggested in the briefs. The subject matter of the information conveyed concerning the defendant does not appear in the record, nor is there more than general reference made to informants. We conclude that the entire pattern of suspicious activity of defendant and codefendant, when coupled with previous contact with codefendant, plus the officer's experience with illegal traffic of drugs at the same location, provided ample probable cause for the arrest. "Reasonable or probable cause is shown if a man of ordinary care and prudence would be led to believe and conscientiously entertain an honest and strong suspicion that the accused is guilty." (*People v. Cedeno,* 218 Cal.App.2d 213, 219 [32 Cal.Rptr. 246].) When considering the reaction of the ordinary man to a set of

facts, one may take into account the expertise of the arresting officer in matters of narcotic detection in determining if his observations would arouse the requisite belief. (*People* v. *Williams,* 196 Cal.App.2d 726, 728 [16 Cal.Rptr. 836].)

Here the officer testified that, based on all the facts and his knowledge, he concluded that the defendant was selling dangerous drugs. We concur that this was a reasonable conclusion. Though each case involving the question of probable cause must be decided on its own facts (*People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577]), *People* v. *Brown,* 147 Cal.App.2d 352 [305 P.2d 126] is quite similar to the one before us as it involves suspicious acts and a pattern of exchange activity. There, probable cause was found to exist, though repetition of activity, as in our case, was not present, and the police officers therein involved had no particular reason to be looking for narcotics violations at the time they viewed the activity. (See also *People* v. *Garcia,* 171 Cal.App.2d 757 [341 P.2d 351].)

We do not consider comments made by the trial judge indicating his reasoning processes in reaching his decision on probable cause. The inquiry on appeal is whether, in fact, the decision of the trial court was correct, not the reasons he may have stated for making it. (*People* v. *Grana,* 1 Cal.2d 565, 571 [36 P.2d 375].)

The judgment is affirmed.

Kaus, P. J., and Aiso, J. pro tem.,\* concurred.

---

\*Assigned by the Chairman of the Judicial Council.