[Crim. No. 14843.   Second Dist., Div. One.   Aug. 2, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT FRAZIER PATTON, Defendant and Appellant.

Raymond H. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Dannie H. Spence, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of possessing marijuana.

In an information filed in Los Angeles on August 21, 1967, defendant was charged with having possessed marijuana on July 28, 1967, in violation of the provisions of section 11530 Health and Safety Code. Defendant pleaded not guilty. By stipulation the cause was submitted upon the testimony in the transcript of the proceedings had at the preliminary hearing and other evidence received at the time of trial. Defendant was found guilty as charged and in part due to his record, was sentenced to the state prison, with a minimum term as prescribed in section 1202b, Penal Code. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: while Deputy Sheriffs Ravenscroft and Palmer were on patrol at about 11:45 p.m. of July 28, 1967, they observed an automobile which appeared as being operated in violation of section 24008 of the Vehicle Code (front part of car frame lower to the ground than the lowest part of the front wheel rims of the automobile). Ravenscroft, who was driving the sheriff's car, turned behind the suspected car in order to stop the same for the suspected violation. The red light and spotlight of the officer's car were turned on thereby lighting the interior of the suspected car. Before the suspected car came to a stop, defendant, who was sitting in the front seat on the passenger's side, was seen to place something in his mouth. The suspected car stopped and the driver thereof and defendant got out of the same and started toward the officer's car. Ravenscroft and Palmer got out of their car and approached defendant and his driver. The officers noticed that defendant had something in his hand and inquired of him what it was. Defendant did not answer the question but placed the object

in his mouth. Ravenscroft, who had studied narcotics control extensively and who had made about a thousand arrests for violations of marijuana laws, recognized the object in defendant's mouth as a marijuana cigarette. Ravenscroft advised defendant that he was under arrest and instructed him to spit out the cigarette. Defendant refused and Palmer handcuffed defendant and Ravenscroft made an attempt to retrieve the marijuana cigarette. Ravenscroft was unsuccessful; however, he saw the cigarette come apart in defendant's mouth and saw the greenish-brown leafy substance and the seeds, the debris on defendant's tongue and some of the brown paper stuck to defendant's teeth. A search of the car in which defendant was riding was made and a container holding a usable quantity of marijuana was located just under the seat where defendant had been riding. Burned marijuana seeds, unburned seeds and a piece of burned wheat straw paper were located in the car. Defendant was placed in the police car and advised of his constitutional rights. Defendant offered no defense.

Appellant now asserts that the evidence is insufficient to support the judgment, that he was illegally arrested without probable cause, that he was denied the equal protection of the laws and due process and that the search was unreasonable.

There is no merit to appellant's contentions. ▮ It is not required that a person have the exclusive or physical possession of marijuana before a conviction may be had under the provisions of section 11530 of the Health and Safety Code. (See *People* v. *Blunt*, 241 Cal.App.2d 200, 204 [50 Cal.Rptr. 440].) As stated in *People* v. *Luke*, 233 Cal.App.2d 793, 796 [43 Cal.Rptr. 878] : "It is settled that actual physical possession of the narcotics is not a necessary element of the crime charged. Possession may be established under the doctrine of constructive possession. [Citations.] ▮ Constructive possession, moreover, may be proven by circumstantial evidence. [Citations.] In *People* v. *Vice*, 147 Cal.App.2d 269, at p. 274 [305 P.2d 270], the rule is stated as follows :

▮ "[To prove] 'possession, . . . the narcotics need not be found on the person of the defendant, it being sufficient if such articles are deposited in a place under the possession and control of the accused.' "

▮ The actions of appellant in this case are indicative of his knowledge of the character of the substance he possessed and the unlawfulness of its possession. (See *People* v. *Solorio,* 232 Cal.App.2d 527 [42 Cal.Rptr. 914] ; *People* v. *Torres,* 98

Cal.App.2d 189 [219 P.2d 480] ; *People* v. *Dewson,* 150 Cal. App.2d 119 [310 P.2d 162].) The judge in this case passed upon the credibility of the witnesses, and resolved whatever conflicts there were.

With reference to the detention and the arrest, the officers saw a car which appeared to be too low to the ground in front and they were within their right under the circumstances to stop the car and detain the occupants. (See *People* v. *Williams,* 196 Cal.App.2d 726, 728 [16 Cal.Rptr. 836] ; *People* v. *Valdez,* 239 Cal.App.2d 459, 462 [48 Cal.Rptr. 840] ; *People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) Appellant now seems to argue that because the officers did not give a citation for the vehicle code violation there was no probable cause to stop the car. The answer to that is found in *People* v. *Pearsall,* 216 Cal.App.2d 196, 199 [30 Cal.Rptr. 777], where after considering the fact that defendant was stopped initially for being drunk but charged with the possession of marijuana, the court said: "In respondent's (defendant's) brief it is asserted that the officer was initially of the opinion that defendant was drunk, but the record does not indicate that he continued in such belief after questioning him, and consequently the searches of defendant and his automobile were unreasonable and unlawful. It seems to be his position that since the record does not show that the officer eventually preferred a charge of intoxication against defendant, the officer did not in fact believe, at the time of the searches, that the defendant was intoxicated. It is reasonable, of course, to assume that since the defendant was eventually charged with the greater offense of possession of marijuana, the lesser offense was disregarded." (See also *People* v. *Nailor,* 240 Cal.App.2d 489, 492-493 [49 Cal.Rptr. 616].) The detention and arrest were proper, the search of the car followed the arrest and was proper as an incident to a lawful arrest. (*People* v. *Williams,* 220 Cal.App.2d 108, 114 [33 Cal. Rptr. 765].)

Appellant argues at some length that the effort to dislodge the marijuana cigarette from his mouth was unlawful. We think there was no illegal action and that what occurred was proper, but even were we to assume that it was improper and illegal it makes little difference in this case. The cigarette in defendant's mouth was not recovered and was not in evidence. Probable cause to arrest occurred before any effort was made to dislodge that cigarette. (See *People* v. *Woods,* 133 Cal.App.2d 187, 191-192 [283 P.2d 778].)

Appellant must do more than make a blanket charge of violations of his constitutional rights. He must show that his trial resulted in essential unfairness, ''not as a matter of speculation but as a demonstrable reality.'' (*Adams* v. *United States* ex rel. *McCann,* 317 U.S. 269 [87 L.Ed. 268, 63 S.Ct. 236, 143 A.L.R. 435].) Appellant has in no respect demonstrated that he was denied any constitutional right to the equal protection of the law, due process or his rights against unreasonable searches and seizures.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 25, 1968.