[Crim. No. 33636.   Second Dist., Div. Four.   Nov. 13, 1968.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; WILTON ARCHIE POOLE, JR., Real Party in Interest.

---

Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Richard S. Buckley, Public Defender, Kenneth Aid, Jr., and James L. McCormick, Deputy Public Defenders, for Real Party in Interest.

WAPNER, J. pro tem.*—This is a petition for writ of mandate under section 1538.5 of the Penal Code.

■■■■ An officer testified that he arrived at a certain location at 10:30 a.m. after a phone call by a citizen that a man was sleeping in a car.

The officer found the defendant sleeping on the front seat of a vehicle, observed no wrongdoing. He knocked on the window of the automobile and aroused the defendant and asked him to step from the vehicle. He did not recall whether the defendant had rolled the window down. While talking to the defendant outside of the automobile the officer then observed a red capsule on the front seat, picked it up, had his partner admonish the defendant as to his constitutional rights, after which he asked the defendant what it was. The defendant said: "It is a red." The officer asked him if he had a prescription for the "red" and the defendant said he did not, whereupon the defendant was placed under arrest.

The witness had on prior occasions made arrests in the course of which he had seen what appeared to be Seconal and

---

*Assigned by the Chairman of the Judicial Council.

the red capsule he saw on the seat of defendant's automobile resembled Seconal.

The officer testified that he asked the defendant to leave the automobile because he wanted to talk to him regarding his presence in the area and why he was sleeping in his car. After defendant stepped out of the automobile he asked the defendant why he was in the area. Defendant replied that he had had a disagreement with his mother regarding a party he had had at his mother's house and that they weren't getting along, so he took his belongings and moved out. The officer did observe suitcases in the car. All this was before the defendant was placed under arrest.

The officer did not see anything with respect to the defendant that would indicate to him that the defendant was either drunk or under the influence of anything.

It is well established that one who is in an automobile which is parked upon a street is in a public place. (*People* v. *Belanger*, 243 Cal.App.2d 654, 657 [52 Cal.Rptr. 660].) It is certainly proper for police officers to investigate cases of persons sleeping in automobiles on public streets. This is so even though such conduct in and of itself is not unlawful. First, the officer does not know at the time of such investigation what the condition of the person may be. True, he could be asleep, but he might be drunk and unable to take care of himself, or he might be under the influence of narcotics and unable to take care of himself and the officer in making his investigation is doing so in order to protect the individual involved and also the general public. It certainly is not improper or onerous to ask an individual to step out of an automobile in order to fully determine why or under what circumstances a person may have been asleep in an automobile parked on a public street. Such conduct has been upheld in *People* v. *Pearsall,* 216 Cal.App.2d 196, where the court notes, at page 199 [30 Cal.Rptr. 777], that an officer saw the defendant sitting in the left front part of an automobile which was parked in front of a bar and apparently the defendant was asleep. The officer aroused the defendant by tapping on the car window and then asked him to step to the sidewalk. In *Mardis* v. *Superior Court,* 218 Cal.App.2d 70 [32 Cal.Rptr. 263], the court upheld the opening of the door of a vehicle to investigate the circumstances of a person sleeping therein.

Once having ascertained that the police officer's conduct in asking the defendant to step out of the vehicle to make further inquiry and investigation was proper, what he

later saw in plain sight gave him reasonable ground for believing that the defendant had committed a crime and for the defendant's arrest.

After the discovery of the "red" it was certainly reasonable for the officer to arrest the defendant for the illegal possession of a barbiturate and to make a further search as an incident to that arrest.

The evidence in this case should not have been suppressed. Let the peremptory writ issue.

Files, P. J., and Kingsley, J., concurred.