[Crim. No. 3296.   Fourth Dist., Div. One.   Jan. 21, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS JESS LO CICERO, Defendant and Appellant.

T. T. Crittenden, Langford, Langford & Lane and J. Perry Langford for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark W. Jordan, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant was convicted of the offense of possession of marijuana; was granted probation, one of

the conditions of which was that he not associate with known narcotic users or distributors; violated the terms of his probation, on account of which it was revoked; purportedly was sentenced upon the conviction; and appeals.

While on probation defendant was convicted of the offenses of furnishing marijuana and selling marijuana. He appealed these convictions which have been affirmed in a decision filed by this court this day in *People* v. *Lo Cicero* *(Cal.App.) 74 Cal.Rptr. 684, No. 3297. Denial of probation in the case involving these convictions, pronouncement of judgment in that case and revocation of probation in the instant case occurred during the course of proceedings undertaken at the same time, which was the date set for pronouncement of judgment in the later case. Defendant was represented by counsel who represented him in that case. Probation had been granted him in the instant case upon an order suspending imposition of sentence. During the trial of the instant case defendant had been represented by other counsel. The fore part of the instant proceedings consisted in the presentation, argument and denial of a motion for new trial in the later case. Thereupon the court inquired whether defendant waived arraignment for judgment and, through counsel, received an affirmative reply. A supplemental report of the probation officer in the instant case recommending revocation of probation was read and considered by the court. At the conclusion of discussions between court and counsel, the trial judge stated: "Probation granted the defendant, Louis *Lo Cicero,* in case No. 9197 [the instant case], is hereby revoked"; denied probation, pronounced judgment and imposed sentence in the later case; and remanded defendant to the custody of the sheriff for delivery to the state prison. Defense counsel asked: "If the Court please, this is sentence in which case?" The judge replied: "This is the sentence in the present case [i.e., the case involving the later convictions]. I just revoked probation in the first case that he was convicted of. Those two sentences are to be served concurrently." This concluded the hearing. Subsequently a signed judgment in writing, imposing a sentence of imprisonment in the state prison, was filed.

Defendant contends the judgment is void because: (1) It does not appear he waived representation by an attorney of his choice in the proceeding culminating in the judgment from which he appeals; (2) it does not appear he had notice of the time for pronouncement of judgment; (3) he was not

---

*A hearing was granted by the Supreme Court on April 9, 1969.

arraigned for judgment; and (4) no judgment actually was pronounced.

Defendant also contends the judgment should be reversed because revocation of probation was predicated upon his erroneous convictions in the later case.

■ Defendant was represented in the proceedings under review by the attorney who represented him in the trial of the later case; who signed the notice of appeal in the instant case; and who appears before this court as co-counsel on his behalf. The fact defendant had been represented by another attorney during the trial of and probation hearing in the case does not establish the attorney who appeared for him in the instant proceeding was not an attorney of his choice. He made no objection in the premises.

■ The contention respecting defendant's representation by counsel of his choice at the time in question and his further contention respecting lack of notice of the time for pronouncement of judgment are artfully worded. It is not asserted he did not appear by counsel of his choice or did not have notice of time for pronouncement of judgment; rather, the claim is "it does not appear" he waived his right to be represented by counsel of his choice or had notice of the time for pronouncement of judgment. Both he and his counsel appeared at the proceeding; did not assert any lack of notice; and did not request any continuance. Absent any showing to the contrary, it will be assumed the attorney appearing for defendant was counsel of his choice and both of them were present at the hearing because they had notice thereof.

Each of the foregoing contentions not only is without merit but is frivolous.

On the other hand, the proceedings for pronouncement of judgment did not conform to the requirements in the premises. ■ Upon revocation of an order suspending imposition of sentence and granting probation the court should proceed to pronounce judgment and impose sentence. (Pen. Code, § 1203.2; see *People* v. *Straw,* 209 Cal.App.2d 565, 566 [26 Cal.Rptr. 461].) As a part of this proceeding the defendant must be arraigned in conformity with the requirements of Penal Code section 1200, and pronouncement of judgment and sentence must be executed orally. (*People* v. *Blackman,* 223 Cal.App.2d 303, 307 [35 Cal.Rptr. 761]; *In re Bateman,* 94 Cal.App. 639, 640 [271 P. 757].) The court in the instant case did not arraign defendant and did not orally pronounce

930

judgment sentencing him to imprisonment in the state prison. The subsequent entry of a written judgment did not comply with the law.

■ Defendant's probation was revoked upon the ground, among others, he had been convicted of subsequent narcotic offenses, i.e., those involved in the later case. As noted, these convictions have been affirmed by this court this day. The order revoking probation is not erroneous. (*People* v. *Sheeley,* 159 Cal.App.2d 578, 581 [324 P.2d 65]; *People* v. *Woods,* 133 Cal.App.2d 187, 192 [283 P.2d 778].)

The order revoking probation is affirmed although subject to further consideration pursuant to Penal Code section 1203.2. The judgment is reversed with instructions to the trial court to proceed with pronouncement of judgment in the manner prescribed by law.

Brown (Gerald), P. J., and Whelan, J., concurred.