[Crim. No. 5948.   Second Dist., Div. Two.   Nov. 20, 1957.]

THE PEOPLE, Respondent, v. HENRY V. FLORES, Appellant.

*Assigned by Chairman of Judicial Council.

Ernest Best for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—As the result of a nonjury trial of consolidated cases defendant was convicted of burglary, and of possession of heroin (Health & Saf. Code, § 11500) with a previous conviction of the same offense. The prior conviction was admitted. This appeal is taken from the judgment in the narcotics case and order denying a new trial therein. The contention is that the evidence is insufficient.

On December 6, 1956, the police were searching for defendant in connection with the burglary upon which he was later convicted. They called at 1149 Stone Street in the city of Los Angeles, which defendant testified was his mother's residence but not his own. In response to a knock on the door defendant appeared, identified himself and was immediately arrested on suspicion of burglary. The police entered and searched the premises, being interested primarily in finding some keys which had been used in perpetrating the burglary. The keys were found, and in the search considerable heroin and equipment for its use were also uncovered. In a jacket in a closet the officers found 41 capsules of heroin; also in the jacket were two papers which were blank applications connected with a housing project, one of which bore defendant's name; under the wash basin in the bathroom the officers found a portion of a spoon wrapped in brown paper, a medicine dropper, a piece of green plastic containing a hypodermic type needle. Confronted with the narcotic defendant, previously convicted of a narcotic felony, denied that it was his or that he had any connection with it; he admitted that the papers were his, but said the jacket belonged to his brother who had been in prison for the past nine months. Asked about the equipment found in the bathroom defendant first denied and then admitted that it was his. Later, at the police station, he stated that the heroin was his, not his mother's. He testified at the trial that one Wells (or Burns), with whom

he was found to have been acting in the burglaries, was a narcotic user.

The emphasis of appellant's argument is upon the proposition that the evidence does not show possession with knowledge of the character of the drug. Defendant did not claim ignorance of its character, but asserted at the trial that it was not his. The court was free to reject his testimony, also his previous assertions that he did not reside in the place where arrested and that the jacket containing the heroin belonged to his brother. A convicted felon, his evidence was thereby impeached as it was given. The jacket was in the same closet with a pair of pants, confessedly belonging to him, in which the burglary keys were found. He testified that quite a few people had access to the house, which would not of itself give them access to the closets. He did not assert that anyone but his mother resided there. It is a fair inference that defendant did live in that home and that the jacket was his. The heroin and the equipment for its administration were admitted to belong to him. There is no suggestion by defendant that his mother was involved in the crime. He points his finger at no one else. ■ Possession and knowledge may be proved circumstantially and the evidence at bar is sufficient to support those inferences. Exclusive possession of the premises is not necessary nor is physical possession of the drug of the essence. (*People* v. *Ross,* 149 Cal.App.2d 287, 289 [308 P.2d 37]; *People* v. *Van Valkenburg,* 111 Cal.App.2d 337, 340 [244 P.2d 750]; *People* v. *Bagley,* 133 Cal.App.2d 481, 484 [284 P.2d 36].) The defense rests solely upon defendant's testimony. When that is discarded, and the trial court had that prerogative, the record leaves defendant in ownership and possession, actual or constructive, of the drug whose character he could not deny in the face of his equipment for injection which was found in the bathroom.

Judgment and order denying new trial affirmed.

Fox, Acting P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.