[Crim. No. 6033.   Second Dist., Div. Two.   Mar. 6, 1958.]

THE PEOPLE, Respondent, v. JESSIE ANGRIS BLINKS, Appellant.

John J. Guerin, Jr., under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

ASHBURN, J.—Convicted of possession of heroin (Health & Saf. Code, § 11500), defendant's appeal rests upon the claim that the evidence is insufficient to show physical possession or control or that appellant knew of the existence of the heroin.

Police officers knocked on the door of a room of a hotel at 333 East Fourth Street, Los Angeles. In response to an inquiry they called out "police officers." In a few seconds the door was opened by a person known as Brown. As they entered the officers observed a curtain moving and the appellant's foot, clad in a tan sock, going out the window. Officer Leete went out the window in hot pursuit and saw appellant standing in the light well, 6 or 7 feet from the window. He found a package containing four bindles lying near appellant's feet and close to a small drain in the center of the light well. Appellant denied knowing anything about the bindles, but he admitted using narcotics and stated he was "shooting two half papers" a day. He said he went out the window to avoid being arrested for "marks." A search of the room was made and an eyedropper and finger stall were found. The contents of the four bindles proved to be heroin.

The light well of the hotel is four-sided and two floors high. Each of the eight rooms facing it has two windows upon it. Appellant's contention is that anyone could have thrown the bindles into the light well and that no logical deduction can be made from the facts leading to a conclusion that appellant had physical possession or control of the bindles of heroin at any time or that he knew of their existence. Thus he rests his case upon the possibility that some unknown third person was guilty of the offense in question, which possibility he presents as outweighing the probabilities emanating from the

circumstances immediately surrounding his own apprehension. ■ But a mere possibility affords no evidence whatever. (*People* v. *Williams*, 151 Cal.App.2d 173, 179 [311 P.2d 117].) "Mere conjecture, surmise, or suspicion is not the equivalent of reasonable inference and does not constitute proof." (*People* v. *Bender*, 27 Cal.2d 164, 186 [163 P.2d 8].)

■ At the word "police" defendant, a confessed narcotics user, fled from the hotel room to the light well outside. Officer Leete pursued him as closely as possible. Officer Soviak said that Leete "leaped and brought the defendant back into the room." When Leete cleared the window curtain and could see outside, defendant was standing in the light well close to a drain therein. At or near his feet were bindles of heroin and the reasonable inference is that he had not had time to kick them into the drain or to lift the cover and drop them in if that was necessary. No one else was seen near the heroin. Appellant was undoubtedly bent upon secreting or otherwise disposing of the same when prevented by the police. Brown, who was the other occupant of the hotel room, was not seen to be engaged in disposing of the narcotic. He admitted the police as appellant disappeared through the window. He sat on the bed and talked to the officers. Though arrested, Brown was released at the preliminary hearing. The dropper and the finger stall found on the dresser are well-known aids to administration of the drug and were of immediate interest to appellant. As defendant stood in the light well in the dark with the heroin near his feet and the drain, Officer Leete threw the beam of his flashlight into a darkened room on the side of the light well opposite the room from which appellant had fled. One of its windows was open about 12 to 18 inches but the light revealed no one in the room. In all there were 16 windows on the light well, but Officer Leete saw none of them open except the two just mentioned. All the circumstances point to the probability that appellant took the bindles of heroin with him when he left the hotel room, dropped them at his feet when he neared the drain and lacked time to get them into the drain and out of sight. The possibility that someone else threw the drug into the light well does not rise to the dignity of a probability and is no evidence whatever in support of defendant's claim of innocence.

Appellant cites two cases involving a drug found in a light well of a building (*People* v. *Bassett*, 68 Cal.App.2d 241 [156 P.2d 457], and *People* v. *Eberhard*, 114 Cal.App.2d 133

[249 P.2d 590]) and argues that the facts were stronger there and hence those cases do not support a conviction at bar. Let that be granted; it helps appellant none. However, the drug involved in the Bassett case seems to have been equally accessible to apartment 101, occupied by defendant, and to the adjoining apartment 102. The possibility that someone from 102 had placed the drug where it was found was not permitted to overthrow the circumstantial showing that defendant had done it by operating from his own apartment 101.

■ At page 247 the court said: " 'Possession' of a chattel is established when it is shown that a person has physical control thereof with the intent to exercise such control, or having had such physical control, has not abandoned it and no other person has that possession (Rest., Torts, § 216). ■ The statute does not require 'proof of possession' at the very time of arrest (*People* v. *Belli*, 127 Cal.App. 269, 271 [15 P.2d 809]), nor is it necessary to prove that the accused had the unlawful article on his person (*People* v. *Sinclair*, 129 Cal. App. 320, 322 [19 P.2d 23])." ■ This court, in *People* v. *Flores*, 155 Cal.App.2d 347, 349 [318 P.2d 65], said: "Possession and knowledge may be proved circumstantially and the evidence at bar is sufficient to support those inferences. Exclusive possession of the premises is not necessary nor is physical possession of the drug of the essence. [Citations.] The defense rests solely upon defendant's testimony. When that is discarded, and the trial court had that prerogative, the record leaves defendant in ownership and possession, actual or constructive, of the drug whose character he could not deny in the face of his equipment for injection which was found in the bathroom."

"We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict. If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) So viewing the evidence it appears to be amply sufficient to sustain the jury's finding.

In his reply brief appellant's counsel challenges the attorney general's statement that appellant had waived a jury trial.

The record was duly augmented by a showing which established beyond question that such a waiver actually was made.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied March 25, 1958, and appellant's petition for a hearing by the Supreme Court was denied April 30, 1958.