[Crim. No. 2943.   Third Dist.   June 25, 1959.]

THE PEOPLE, Respondent, v. EDWARD NEAL MACKEY et al., Appellants.

Rudolph H. Binsch, under appointment by the District Court of Appeal, for Appellants.

Stanley Mosk, Attorney General, Doris H. Maier and Robert K. Puglia, Deputy Attorneys General, for Respondent.

PEEK, J.—This is an appeal by defendants from a judgment of conviction following a jury verdict finding them guilty of burglary in the first degree. Both defendants represented themselves at the trial although counsel was appointed by the court for the purpose of consultation and advice. On appeal, pursuant to their request, counsel was appointed to represent them.

No question is raised on appeal concerning the sufficiency of the evidence to support the judgment. The errors alleged relate to the introduction of rebuttal evidence by the prosecution and the denial of defendants' motion for a continuance.

The record shows that on the night of August 18, 1958, Boomer's Sport Shop in Laytonville was burglarized. Entrance was gained through a window which had been broken. Missing from the shop were four rifles, five other guns, a metal box containing fishing and hunting licenses, and a roll of pennies. Several persons identified defendants and a third man as having been in the vicinity of Laytonville and the sport shop on the day of the burglary. On August 23, 1958, defendant Mackey was arrested in Tucson, Arizona. On his person was found a .38 caliber revolver, and in the rear seat of his car were two new rifles. Defendant Wilks was present at the time of the arrest and stated to the officers that the rifles were his. He was later arrested when it was found that the rifles had been reported stolen by the California authorities. The two rifles stated by Wilks to have been his, and the revolver found in Mackey's possession were all identified as having been among those stolen from the sport shop.

On cross-examination Mackey testified that he and Wilks had gone to the home of his cousin, R. J. Rucker, but denied that he had taken the rifles to Rucker's house. Wilks testified that they had gone to the cousin's home but that no one was

there and that Mackey had gotten out of the car but that he, Wilks, had not. In rebuttal the prosecution offered in evidence the two rifles which were identified as having been stolen from the sport shop and had been found in Rucker's house in a closet together with some of Mackey's clothes. These rifles were admitted into evidence against both defendants and over the objection of Mackey that it was improper rebuttal evidence and that there was insufficient foundation to tie the evidence into the case, and over the objection by Wilks that there was not sufficient foundation to connect him with the evidence. Both objections were overruled.

Defendants' first contention is that the court erred in admitting into evidence on rebuttal the two rifles taken from Rucker's home. It is argued that the rifles were properly a part of the prosecution's case in chief and that it was therefore error to admit them into evidence on rebuttal under the guise of impeachment. In support of such contention defendants rely primarily upon the case of *People* v. *Carter,* 48 Cal.2d 737 [312 P.2d 665], wherein the court stated the rule to be in part that ". . . proper rebuttal evidence does not include a material part of the case in the prosecution's possession that tends to establish the defendant's commission of the crime. It is restricted to evidence made necessary by the defendant's case in the sense that he has introduced new evidence or made assertions that were not implicit in his denial of guilt." (Pp. 753, 754.)

Here however the prosecution in its case in chief had introduced ample evidence to establish the commission of the offense charged and that defendants were at the scene of the crime shortly before it was committed. There was further evidence that defendants were in possession of some of the stolen goods. The two rifles from Rucker's house were not crucial to the prosecution's case. While the evidence so introduced was cumulative to that already introduced which showed possession of the stolen articles, its primary value was the impeachment of the testimony of Mackey that he had not taken the rifles to Rucker's house. Such evidence, therefore, was not subject to the rule set forth in the Carter case. In this regard the case is factually more similar to *People* v. *Avery,* 35 Cal.2d 487 [218 P.2d 527]. There the prosecution in the case in chief elicited testimony from a witness that he gave the defendant some shotgun shells. The defendant testified in his own behalf and denied this. On rebuttal the prosecution produced a second witness who testified that he heard

defendant ask the first witness for the shells. In answer to defendant's contention on appeal that the testimony of the second witness was improper rebuttal evidence, the court held (at p. 492): "Although his testimony might properly have been part of the prosecution's case in chief, it was allowable as additional evidence upon a point put into dispute by . . . [the defendant's] testimony. (See 6 *Wigmore on Evidence,* 3d ed. p. 516.)"

Defendants further argue that a proper foundation was not laid for the introduction of the two rifles found in Rucker's home. The relevancy and materiality of the challenged evidence had previously been established by the testimony of the defendants themselves; that is, Mackey testified on cross-examination that on the evening he arrived in Tucson he went to the home of his cousin Rucker where he remained for about 15 to 30 minutes and that Wilks and a third man accompanied him there. Wilks' testimony was that he and Mackey drove by Rucker's home on the evening they arrived in Tucson; that no one was there at the time; that Mackey got out of the car but that he, Wilks, did not. Additionally the rifles found in the search of Rucker's home had previously been identified as those taken from the sport shop in Laytonville. Under such circumstances, the rifles were properly introduced into evidence. (Code Civ. Proc., § 2051. See also *People* v. *Higgins,* 18 Cal.App.2d 595 [64 P.2d 454].)

It is also argued that the two rifles were improperly admitted as against both defendants. From the record before us it would appear that the rifles were properly admitted as against Mackey as tending to impeach his testimony and for the same reasons were properly admitted as against Wilks. In connection with this argument defendants contend the court committed prejudicial misconduct by pointing out that both of them had stated that they had gone to Rucker's home. The record in this regard shows testimony by Wilks that they had gone to a house which belonged to a cousin of Mackey and which was on the same street as the house which Mackey stated was the Rucker home. Mackey had testified that his cousin's name was Rucker. To now claim that the court misstated the evidence is but to split hairs and is wholly without substance.

Defendants' final contention is that the court erred in denying their motion for a continuance in order that they might

bring in witnesses from Arizona to testify that Mackey had not left rifles at Rucker's house and that Mackey had not lived there. As noted by the court, these were matters to which defendants themselves could have testified. ■ The power of the court to grant a continuance because of the absence of a material witness is discretionary and its determination will not be reversed on appeal unless there has been a clear abuse of discretion. ■ No affidavits were submitted in support of the motion. The evidence sought would have related to the weight of the impeaching evidence. It did not relate to any of the elements of the crime. Under such circumstances it cannot be said that the court abused its discretion in denying the defendants' motion.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 19, 1959.