[Crim. No. 3809.   First Dist., Div. One.   Dec. 1, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. J. B. CLAY-
TON, Defendant and Appellant.

J. B. Clayton, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John L. Burton, Deputy Attorneys General, for Plaintiff and Respondent.

BRAY, P. J.—Defendant appeals in propria persona from convictions after jury trial, of three counts of violation of section 11531 of the Health and Safety Code (selling marijuana).

### QUESTIONS PRESENTED

1. Was defendant denied due process of law under the Fourteenth Amendment to the United States Constitution because of denial of his request for a continuance of trial?

2. Was the police inspectors' testimony inadmissible hearsay?

### EVIDENCE

On August 24, 1959, Frank Fox, an undercover agent of the Menlo Park Police Department, met defendant in a parking lot. He purchased two marijuana cigarettes from the defendant. There was no witness to this transaction. On August 27 the police strapped a transmitting device on Fox. Two officers waiting in their car near the parking lot overheard a conversation between Fox and defendant. Reference was made therein to the quality of the "stuff." Defendant and Fox then went to defendant's house to get some marijuana. This placed them out of range of the transmitter. Fox later met the officers and turned over to them the marijuana he had purchased from defendant. On September 13 Fox arranged a meeting with defendant and notified the police inspectors. Once again he carried the transmitting device. The officers were about 60 feet from Fox's car. Fox called to defendant who came over and entered Fox's car. Fox then made a third purchase of marijuana. The testimony of the officers as to what they heard on the transmitting device tended to corroborate Fox's testimony as to his purchases from defendant. Defendant denied ever selling any narcotics although he admitted having told Fox that he would get some for him.

### 1. *The denial of a continuance.*

On direct examination Fox stated that he had previous experience as an undercover agent in Kansas. On cross-examination he stated that he had worked for a little over a year, about 1951, in Kansas City, Kansas, as an undercover agent, working he thought, for Inspector Lions. At the completion of the prosecution's case defendant moved for a continuance for approximately 30 days to take the deposition of the administrative captain of the Kansas City Police Department. Defendant's attorney filed a "Declaration" in which he stated that he had phoned to a Captain Lukas, the administrative officer of that police department, who stated that the department never had the rank of inspector; that there had been a Sergeant Lyons, who had been pensioned and was now dead; that Sergeant Lyons at no time was connected with the narcotic bureau of said department and that said bureau had never had an officer in it by the name of "Lions." The court denied the motion for continuance.

[██] Whether or not a motion for continuance shall be granted is within the discretion of the trial judge and the appellate courts will not disturb that determination unless there is an abuse of discretion. (*People* v. *Markos* (1956) 146 Cal.App.2d 82, 86 [303 P.2d 363]; *People* v. *Polak* (1958) 165 Cal.App.2d 226, 232 [331 P.2d 662]; *People* v. *Douglas* (1960) 187 Cal.App.2d 802, 805 [10 Cal.Rptr. 188]; *People* v. *Mackey* (1959) 171 Cal.App.2d 513, 518 [340 P.2d 688].)

[██] In determining whether or not the court abused its discretion here in denying the continuance, it is significant that the information received by defendant's attorney did not show that Fox had not worked as an undercover agent for the Kansas City police but merely that he had not worked for a man he thought was an "Inspector Lions," and that a Sergeant Lions had never worked in the narcotics bureau. More important, however, is the fact that the only purpose of the information which defendant sought to obtain on a continuance, was to impeach the witness Fox on a matter collateral to the issues in the case. [██] It is not within the proper scope of impeachment to show that a witness has given false testimony as to a matter which could not be proved independently in the case. (*People* v. *Wells* (1949) 33 Cal.2d 330, 340 [202 P.2d 53]. See the many supporting cases cited page 340.) [██] The fact of Fox's prior employment could not have been proved independently. Fox was not an expert witness so he would not have to give his prior experience in

order to qualify as a witness. He was a fact witness and whether he had been an undercover agent for some police department other than that of Menlo Park was immaterial.

2. *The inspectors' testimony.*

■ Defendant contends that because the inspectors were not present at the conversations between Fox and defendant, they could not testify as to what they heard over the transmitter. (This contention only applies to counts II and III.) Defendant labels this testimony as hearsay. Interestingly enough defendant seems to contend that the recording tapes themselves would have been admissible and the conversations disclosed thereon would not have been hearsay. We see no difference in the admissibility of testimony concerning the conversations between Fox and defendant where the witnesses are in the direct presence of the conversants and where, though not in their presence, the witnesses nevertheless hear the conversations. The fact that the witnesses were outside of the observation of defendant does not make their testimony inadmissible, nor does the fact that the witnesses did not identify defendant as one of the conversants. Fox did, and it was for the jury to determine whether his testimony was true.

Judgment affirmed.

Tobriner, J., and Sullivan, J., concurred.