[Crim. No. 9954.   Second Dist., Div. Two.   Apr. 23, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHNNIE HOWARD LUKE, Defendant and Appellant.

Leonard M. Angus, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, George J. Roth and David B. Stanton, Deputy Attorneys General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was convicted of possession of narcotics after a nonjury trial, a violation of Health and

Safety Code, section 11530. One of two alleged prior felonies also was found to be true.

On November 1, 1963, Officer Poor, during the course of a narcotics investigation, was standing on or near the corner of 60th and Avalon Streets in the City of Los Angeles, a high frequency narcotics area. He observed appellant on four separate occasions first talk to a third person and immediately thereafter walk to an abandoned car parked on a vacant lot adjoining a service station. On each of these four occasions when appellant reached the rear of the abandoned car, he stooped down and picked up what the officer believed to be a package or bindle which he then delivered to the person the officer had seen him talking with. The contents of these packages were never determined. After the four exchanges had been completed, appellant went into a nearby bar. Officer Poor went to the bar and motioned appellant to come out. When appellant came out, Poor asked him what he had in his pocket. Appellant removed his closed hand from his pocket. His fist contained a number of bindles which had been broken open and contained red capsules. The officer believed these capsules to contain barbituates.

Appellant was placed under arrest. Officer Poor then walked appellant back to the abandoned car and left him in the custody of his partner. Poor made a search of the area around and under the car. The search uncovered a large paper bag under the front of the car. This bag contained foil-wrapped objects similar to those appellant had in his fist at the time he was accosted by Officer Poor. Continuing his search Officer Poor found a smaller paper bag under the rear of the car. This smaller bag contained two marijuana cigarettes.

Prior to November 1, Officer Poor had been informed by his supervising officer that appellant had been selling narcotics. Officer Poor had also been told by at least two persons, who in the past had proven to be reliable informers, that appellant was dealing in narcotics.

Appellant's defense was that he had not been near the car at any time during the evening of November 1, 1963, and that he had not been selling pills or narcotics and that he had never before seen the two bags found by Officer Poor under the front and rear of the abandoned car. He also produced evidence that he did not come out of the bar in response to Officer Poor's request but that Officer Poor came into the bar and after the officer put his hand on his shoulder he walked out with him.

Appellant contends that the evidence is insufficient to show his possession of the marijuana.

The contention is untenable. ■ It is settled that actual physical possession of the narcotics is not a necessary element of the crime charged. Possession may be established under the doctrine of constructive possession. (*People* v. *Blinks,* 158 Cal.App.2d 264, 267 [322 P.2d 466]; *People* v. *Flores,* 155 Cal.App.2d 347, 349 [318 P.2d 65].) ■ Constructive possession, moreover, may be proven by circumstantial evidence. (*People* v. *Weathers,* 162 Cal.App.2d 545, 547 [328 P.2d 222]; *People* v. *Flores, supra; People* v. *Stanford,* 176 Cal.App.2d 388, 390 [1 Cal.Rptr. 425].) ■ In *People* v. *Vice,* 147 Cal.App.2d 269, at p. 274 [305 P.2d 270], the rule is stated as follows:

[To prove] "possession, . . . the narcotics need not be found on the person of the defendant, it being sufficient if such articles are deposited in a place under the possession and control of the accused."

■ The record before us establishes that appellant, within one hour, made four separate trips to the rear of the car, stooped down, picked up a package, and gave the package to another person. His arrest and the search of the car came within minutes after the fourth transaction. The bag found at the front of the abandoned car contained capsules similar to those found in appellant's physical possession. In addition appellant was known to Officer Poor as a dealer in narcotics. The conclusion is inescapable that appellant had constructive possession of the items found in the bags and that he had knowledge that the smaller bag found under the rear of the abandoned car contained marijuana. Contrary inferences that the car was accessible to other persons and did not belong to appellant are clearly apparent, but in view of the circumstances here detailed, they are entitled to little evidentiary value.

■ Officer Poor testified, over objection, that he had information from his supervisor that appellant was dealing in narcotics and that he had spoken to two other persons (unconnected with any of the four persons who were parties to the exchanges heretofore detailed), each of whom told him that appellant was dealing in narcotics. This testimony was admitted only for the purpose of establishing probable cause for the arrest of appellant.

Appellant urges that the source of Officer Poor's information was hearsay and thus inadmissible to establish probable

cause; and that the informers were not sufficiently identified as reliable informers.

Probable cause to make an arrest as distinguished from proving the issue of guilt, however, may be established by evidence that would not ordinarily be admissible on the issue of guilt. (*People* v. *Cartier,* 170 Cal.App.2d 613, 618 [339 P.2d 172].) Thus, hearsay (*People* v. *Elliott,* 186 Cal.App.2d 185, 190 [8 Cal.Rptr. 716]; *People* v. *Collins,* 172 Cal.App.2d 295, 301 [342 P.2d 370]), even in the form of information obtained from anonymous or unreliable informers if sufficiently corroborated (*People* v. *Elliott, supra*; *People* v. *Easley,* 148 Cal.App.2d 565, 568 [307 P.2d 10]) is admissible for the purpose of establishing probable cause for making an arrest.

The record discloses that the identification of the informants was vague. However, the reference to informants was merely cumulative evidence on the question of probable cause. The failure of the prosecution to fully detail the identity of each informer was in no way prejudicial to appellant. "The informant was not a material [or any] witness on the issue of guilt, nor were his statements necessary to establish the validity of the arrest or the search which followed." (*People* v. *Smith,* 166 Cal.App.2d 302, 307 [333 P.2d 208].)

On direct examination Officer Poor testified that prior to the four transactions heretofore described, he saw appellant talking to several individuals whom he identified as users of narcotics and of dangerous drugs. Appellant objected to this testimony below and assigns it as error on appeal, urging that such testimony was opinion evidence and a pure conclusion without evidentiary foundation. Except as additional evidence to show probable cause for arrest, we think this evidence was improper. The record shows it was not so limited. Respondent asserts the objection should have been made on the ground that it was hearsay. It undoubtedly was that, too, but it was nonetheless an opinion and a conclusion. (*People* v. *Canales,* 12 Cal.App.2d 215, 220 [55 P.2d 289]; *People* v. *Bidleman,* 104 Cal. 608, 612 [38 P. 502].) However, the record before us is such that we are convinced that the error is a nonprejudicial one. (Cal. Const., art. VI, § 4½.) It should also be pointed out that appellant, other than indicating the error on appeal, makes no argument, tenable or otherwise, indicating how he was hurt by this evidence. (*People* v. *Broyles,* 113 Cal.App. 390, 394 [298 P. 131]; *People* v. *Dunlap,* 12 Cal.App.2d 333,

335 [55 P.2d 522]; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

The case at bench was tried before an experienced trial judge. In *People* v. *Elliott, supra,* 186 Cal.App.2d 185, the court says at page 190 : ''But even if there was error, viewed in the light of the whole record it was not of the prejudicial nature which must be shown before a conviction can be reversed; an experienced trial judge and not a jury was the trier of fact. (See *People* v. *Watson,* 46 Cal.2d 818, 834-837 [299 P.2d 243]. . . .)''

Finally, appellant contends that the court abused its discretion in refusing his request for a continuance in order that he might interview and procure witnesses mentioned for the first time during the trial. (See Pen. Code, § 1050.) At the time of the request, appellant's counsel stated that he had tried to get this information from the prosecution prior to trial and that he ''would like an opportunity to continue the case [now] to check out this information [about the informers] and to interview these informants.''

Whether or not a motion for continuance shall be granted is within the discretion of the trial judge and the appellate court will not disturb that determination unless there is a clear showing of abuse. (*People* v. *Clayton,* 197 Cal.App.2d 590, 592 [17 Cal.Rptr. 358].)       Appellant's motion in the case at bench was an informal oral request to the court and went to a collateral issue, probable cause, which was, as noted above, merely cumulative of other evidence on the issue. (*People* v. *Clayton, supra.*) On these facts, no abuse of discretion is shown.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.