Opinion
COLE, J.
Appellant was charged with violation of Penal Code section 466.5, subdivision (a), in that he “did wilfully and unlawfully and with intent to use it in the commission of an unlawful act, possess a motor vehicle master key.” The section, which apparently has never been cited in an appellate opinion, reads as follows:
“(a) Every person who, with the intent to use it in the commission of an unlawful act, possesses a motor vehicle master key is guilty of a misdemeanor.
“(b) Every person who, with the intent to use it in the commission of an unlawful act, uses a motor vehicle master key to open a lock or operate the ignition switch of any motor vehicle is guilty of a misdemeanor.
“(c) Every person who knowingly manufactures for sale, advertises for sale, offers for sale, or sells a motor vehicle master key, except to persons who use such keys in their lawful occupation or-businesses, is guilty of a misdemeanor.
*Supp. 3 “(d) The term ‘motor vehicle master key’ means a key which will operate all the locks or ignition switches, or both the locks and ignition switches, in a given group of motor vehicle locks or motor vehicle ignition switches, or both motor vehicle locks and motor vehicle ignition switches, each of which can be operated by a key which will not operate one or more of the other locks or ignition switches in such group.”
In his statement on appeal appellant listed 11 different grounds, none of which is discussed in his brief,[1] and which we may regard as abandoned. The two points which are discussed in the brief are referred to in an amendment to the proposed statement on appeal which was never approved by the trial court. Respondent, however, makes no point of the failure to state the grounds in the statement on appeal, and we proceed to discuss them on their merits.
I
Appellant’s major point is that the definition of “master key” in subdivision (d) of the statute is too vague to meet due process requirements of definiteness and certainty. We disagree. The applicable law is not in dispute. A statute must give fair warning of the act which is made punishable as a crime. (Keeler v. Superior Court (1970) 2 Cal.3d 619, 633 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].) If it forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning it does not comport with due process. (People v. Jones (1971) 19 Cal.App.3d 437, 444 [96 Cal.Rptr. 795].) Conversely, however, “[a] statute is fatally vague only when it exposes a potential actor to some risk or detriment without giving him fair warning of the proscribed conduct.” (Id.) There is no need for guesswork here.
The basis of appellant’s complaint is that the phrase “given group,”which appears in the definition of the term “motor vehicle master key,” as used in the statute has no ascertainable meaning. The dictionary definition of “master key” is “A key adapted to open several locks differing somewhat from each other.” (Webster’s New Internal. Dict. (2d ed.) p. 1511.)
*Supp. 4 An expert witness, called by the People, identified groups of keys introduced into evidence as being within the statutory definition. He defined “master key,” as commonly used in the locksmith trade as “A key that fits more than one lock and the individual locks have their own individual key.”
The statutory definition says the same thing. Subdivision (d) of section 466.5 refers to keys used (1) in locks and (2) in ignition switches. The statute carefully refers to each of these uses in the conjunctive and disjunctive, and this lengthens the definition. But, its essence is that a master key is “a key which will operate all the locks ... in a given group of motor vehicles . . . each of which can be operated by a key which will not operate one or more of the other locks ... in such group.”
Taken by itself, the phrase “given group” obviously has no specific meaning. Read, however, with relationship to the functions of the keys referred to in the statute, its meaning becomes clear. It makes no difference whether it refers to a particular model of motor vehicle or to one or more model years, or even to a group composed of more than one make of motor vehicle. As long as a key operates more than one lock or ignition switch, but each such lock or ignition switch also can be operated by a key which will not work in the lock or ignition switch of any other vehicle whose lock or switch may be operated by the first key, then the first key is a master key.
We note in passing that Penal Code section 466.5, subdivision (a), requires that one possessing a master key, does not violate the statute unless he does so with the intent to commit an unlawful act. Even if the statute were otherwise vague, and we do not think it is subject to that criticism, the presence of this required specific intent would save it. (McMurtry v. State Board of Medical Examiners (1960) 180 Cal.App.2d 760, 767 [4 Cal.Rptr. 910].)
Appellant also argues that the statute is vague and uncertain because it refers, in the singular, to “a key,” while the evidence at the trial showed that more than one key was necessary to constitute a set capable of opening all of the cars of a given group. This argument is faulty. It relates to testimony concerning the keys necessary to open all General Motors or Ford automobiles for given periods of years. That is not the necessary definition of “group,” as we have shown. And, more importantly, the argument overlooks the fact that Penal Code section 7 states that “the singular number includes the plural.”
*Supp. 5 II
Appellant’s second point is quickly disposed of. The verdict of the jury reads as follows:

The argument is that because the jury wrote in the phrase “possession of master keys,” appellant was convicted of a different crime than that with which he was charged.
As shown above, the statute can be violated by the possessing (with the required intent) of more than one key. The verdict form expressly refers to appellant’s guilt “of the offense charged, to wit: viol of Sec 466.5(a) P.C.” (Italics supplied.) The phrase added by the jury obviously relates to this charge and at worst is surplusage, to be disregarded. (People v. Holmes (1897) 118 Cal. 444, 448 [50 P. 675].)
The judgment is affirmed.
Marshall, P. J., and Alarcon, J., concurred.

 Insufficiency of the evidence is one of the 11 listed grounds and the brief does state, without more, that “Appellant submits that the evidence is insufficient to sustain the conviction.” However, the point may be ignored since it was not argued in the brief. (People v. McLean (1902) 135 Cal. 306, 309 [67 P. 770]; People v. Broyles (1931) 113 Cal.App. 390 [298 P. 131]; People v. Luke (1965) 233 Cal.App.2d 793, 797 [43 Cal.Rptr. 878].)