Opinion
BIGELOW, J.
Defendant appeals his conviction, following a jury trial, of soliciting an act of prostitution, in violation of Penal Code section 647, subdivision (b).
Among defendant’s contentions are that the trial court erred in denying defendant’s requests:
(1) to instruct on specific intent;
(2) to give accomplice instructions; and
(3) to give a special entrapment instruction. He further complains of the definition of prostitution given to the jury as well as contending that two conditions of probation are unconstitutionally overbroad and that the imposition of a $5 penalty was illegal.
While we find errors, they do not require reversal of the conviction, which we affirm. We reverse, with directions, that part of the sentence *Supp. 36 dealing with two conditions of probation-and the imposition of the $5 penalty.
Facts
Officer Devenney of the Los Angeles Police Department, in an undercover role, was patrolling the Hollywood area for vice activities at approximately 2 a.m., September 30, 1977. He saw defendant standing on a street comer putting his thumb out to hitchhike a ride, only when a lone male motorist would drive by him. As the officer drove his unmarked police vehicle toward defendant’s location, defendant waved at the officer to stop, which he did, alongside the defendant. Defendant asked the officer for a ride, the officer assented and the defendant got in the car. Here we quote the testimony of the police officer as to the conversation that followed:
“Defendant: What are you doing?
“Officer: Just driving around.
“Defendant: Are you looking for a good time? I could use some money.
“Officer: What do you mean by a ‘good time’?
“Defendant: I could . . . [orally copulate you] for $15.00.
“Officer: O.K., but are you old enough? You look tender.
“Defendant: Don’t woriy, I’m 18 alright.”
After cross-examination of this sole witness for the People, the People rested. Defendant’s motion for entry of judgment of acquittal for insufficiency of the evidence under Penal Code section 1118.1 was denied. The defendant then, testified that he was only hitchhiking a ride, that he did have a conversation in the car with the undercover officer, but that it was the officer that solicited the defendant to perform such an act on the officer, with the offer that the officer would pay defendant $10 for doing so. Defendant denied having solicited the officer.
*Supp. 37 Solicitation of Act of Prostitution Is a Specific Intent Crime
For an authoritative statement of the distinction between a general intent crime and a specific intent crime, we quote from People v. Hood (1969) 1 Cal.3d 444, 456-457 [82 Cal.Rptr. 618, 462 P.2d 370]; “When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant’s intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.” Our research has failed to turn up any reported cases in California dealing with the exact question of whether solicitation of an act of prostitution (Pen. Code, § 647, subd. (b)) is a general or specific intent crime. The completed crime of engaging in an act of prostitution in violation of Penal Code section 647, subdivision (b) is easily perceived of as a general intent crime with both participants being principals in the crime and also accomplices of one another, requiring corroborating testimony to convict, if one testifies as a witness against the other. (See Pen. Code, § 1111; People v. Brocklehurst (1971) 14 Cal.App.3d 473 [92 Cal.Rptr. 340].)
However, solicitation to commit a crime is quite different from participation in the completed crime itself. “Mere intention to commit an act constituting a particular crime is not punishable, . . .” (Fricke & Alarcon, Cal. Criminal Law (11th ed.) Attempts, p. 50.) The same authority defines “soliciting commission of crime” as follows at pages 116-117; referring to Penal Code section 653f (soliciting commission of certain offenses) it states: “The gist of the offense is the solicitation of the commission of one or more of the offenses listed in the statute [citation] and the law is violated whether the person solicited responds favorably or unfavorably or not at all, whether or not the crime the commission of which was solicited was committed or attempted. [Citations.] ... It is essential to this crime that two or more persons must be involved and at least one person must be the solicitor and another person be the person solicited. . . .” Solicitations to commit one or more of the offenses listed in Penal Code section 653f have been held to constitute specific intent crimes. The same decisions have also held that such specific intent is a serious request to engage in the crime solicited. (See Laurel v. Superior Court (1967) 255 Cal.App.2d 292 [63 Cal.Rptr. 114]; People v. Shapiro (1959) 170 Cal.App.2d 468 [338 P.2d 963]; and People v. Phillips (1945) 70 Cal.App.2d 449 [160 P.2d 872].)
*Supp. 38 From the foregoing authorities and statements of law and by analogy, we hold that solicitation of an act of prostitution in violation of Penal Code section 647, subdivision (b) is a specific intent crime and that the specific intent involved is “to engage in prostitution.” Happily we note that the authors of California Juiy Instructions, Criminal—Misdemeanors (1st ed. 1976 pocket pt.) agree with this conclusion in its appendix A, page 53, as does the California Superior Court Criminal Trial Judges’ Benchbook, Hayden & Keene (1973 ed.) page 436.
Jury Instructions
The trial court refused to give CALJIC No. 3.31 (concurrence of act and specific intent) as requested by defendant and instead gave the misdemeanor version of CALJIC No. 3.30 (concurrence of act and general criminal intent) (actually CALJIC, Misdemeanor, No. 16.000, XI, general intent). This was error since it is the trial court’s duty to instruct as to the particular specific intent which is an essential element of the crime being prosecuted. (People v. Ford (1964) 60 Cal.2d 772, 792-793 [36 Cal.Rptr. 620, 388 P.2d 892]; People v. Turner (1971) 22 Cal.App.3d 174, 184 [99 Cal.Rptr. 186].) The trial court also refused to give CALJIC No. 2.02 (sufficiency of circumstantial evidence to prove specific intent) as requested by defendant and instead gave CALJIC No. 2.01 (sufficiency of circumstantial evidence—generally.). Better practice would be to have given CALJIC No. 2.02 as requested since the only element of the offense which rested substantially or at all on circumstantial evidence was the required specific intent. (See use notes to CALJIC No. 2.01 and No. 2.02.) The other elements of the offense were proved by direct evidence consisting of the officer’s testimony as to what he saw and heard.
The trial court also refused to give, as requested by defendant, CALJIC Nos. 3.10, 3.11, 3.12 and 3.18, all dealing with accomplice testimony. The testimony given during the trial, consisting of that of the police officer and of the defendant, could only be construed as proving either that the defendant solicited the officer or vice versa; not that both solicited each other simultaneously or otherwise. The person being solicited, without more, can not be and is not an accomplice of the solicitor. The trial court was correct in refusing to give these instructions considering the state of the evidence.
The trial court gave the following. instructions concerning the issue of entrapment: CALJIC No. 4.60 (entrapment when a defense), No. 4.61 (1974 revision [1976 pocket part]—furnishing opportunity is not *Supp. 39 entrapment) and No. 4.63 (entrapment—burden of proof).[1] It refused to modify No. 4.60 by adding “admission of the offense is not a prerequisite to plea of entrapment” taken from language in People v. Perez (1965) 62 Cal.2d 769, 775 [44 Cal.Rptr. 326, 401 P.2d 934], “As a matter of legal theory, the defense of entrapment is not inconsistent with evidence that the defendant is not guilty of the crime charged: i.e., defendant may deny every element of the crime, yet allege that such acts as he did commit were induced by law enforcement officers. {People v. Perez (1965) 62 Cal.2d 769, 775 [44 Cal.Rptr. 326, 401 P.2d 934]; People v. Pijal (1973) 33 Cal.App.3d 682, 696 [109 Cal.Rptr. 230].)” {People v. Osborne (1978) 77 Cal.App.3d 472, All [143 Cal.Rptr. 582].) The jury, in our case at bench, first heard defendant’s testimony denying specifically that he solicited the officer and then heard the trial court instruct them fully on the defense of entrapment. We find no error in refusing to so amend CALJIC No. 4.60. The trial court gave CALJIC, Misdemeanor, No. 16.420 (prostitution) which included the wording “. . . any lewd act between persons of the same . . . sex for money. . .” as part of the definition of prostitution. It also gave CALJIC, Misdemeanor, No. 16.402 defining lewd conduct.[2] We *Supp. 40 find these to be proper instructions under the facts of this case. (See People v. Williams (1976) 59 Cal.App.3d 225, 229 [130 Cal.Rptr. 460].)
Denial of Penal Code Section 1118.1 Motion
Defendant, at the end of the People’s case, moved under Penal Code section 1118.1 for entry of judgment of acquittal for insufficiency of the evidence, which motion the court denied. Defendant contended first that the uncorroborated testimony of the police officer was insufficient as a matter of law. We do not agree with the defense analogy to Penal Code section 653f (soliciting commission of certain offenses) as requiring such corroboration. That code section specifically requires corroboration and Penal Code section 647, subdivision (b) does not. It is within the legislative prerogative to define the more serious solicitation of crimes enumerated in section 653f, require such corroboration and define the less serious offense under 647, subdivision (b) without requiring corroboration. Defendant cites no authority to sustain his contention.
Defendant’s second contention that the trial court should have granted the motion was that there was no proof that the lewd act of oral copulation for pay was to be performed in a public place and that such an act between consenting adults in private is no longer a crime in California. However, the holding in Silva v. Municipal Court (1974) 40 Cal.App.3d 733, 735-736 [115 Cal.Rptr. 479], stands for the proposition that in the case of a Penal Code section 647, subdivision (a) solicitation of a lewd act in a public place, the “ public solicitations of lewd or dissolute conduct’ ” satisfies the “public place” requirement and that it is irrelevant where the solicited acts are to be performed. An automobile parked on a public street is a “public place” under subdivision (f) of this statute. (People v. Kelley (1969) 3 Cal.App.3d 146 [83 Cal.Rptr. 287].) By analogy we hold the same to be true in solicitation of an act of prostitution proscribed by Penal Code section 647, subdivision (b).
Error re Specific Intent Not Reversible
Earlier in this opinion we held that it was error for the trial court to refuse to give the requested instruction (CALJIC No. 3.31) defining solicitation of an act of prostitution (Pen. Code, § 647, subd. (b)) as a specific intent crime and instructing that specific intent was to “engage in prostitution.” We hold, however, that the error was not prejudicial here (Cal. Const., art. VI, § 13) and did not result in a miscarriage of justice (People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243]). If the *Supp. 41 defendant had not testified at all or had he testified that he spoke the words of solicitation in jest, or to “rip off” the officer by taking the money and then running away without performing the lewd act, the specific intent issue would have been strongly contested. In such a case this error then might be prejudicial with a result more favorable to defendant to have been probable, in absence of the error, thereby requiring reversal. {People v. Watson, supra.) But that is for a different case on another day.
In the case at bar, defendant testified that he did not solicit the officer, but instead the officer solicited him. The jury, by its verdict, believed the officer and his testimony set forth earlier, leaves no other interpretation than that defendant entertained a specific intent to engage in prostitution when he solicited the officer. (See People v. Ford (1964) 60 Cal.2d 772, 793 [36 Cal.Rptr. 620, 388 P.2d 892]; People v. Turner (1971) 22 Cal.App.3d 174, 184 [99 Cal.Rptr. 186].) Thus the factual questions that would have been posed by the omitted instructions were resolved adversely to the defendant under the instructions that were given and the defendant has not been denied his right to have the jury determine substantial issues material to his guilt. {People v. King (1978) 22 Cal.3d 12, 27 [148 Cal.Rptr. 409, 582 P.2d 1000]; People v. Sedeño (1974) 10 Cal.3d 703, 720-721 [112 Cal.Rptr. 1, 518 P.2d 913].)
Imposition of $5 Penalty Fee
The People quite properly concede error in the imposition of the $5 penalty fee pursuant to Government Code section 13967 (eff. Jan. 1, 1978). Defendant was convicted of this offense which occurred September 30, 1977. The imposition of the fine violated the ex post facto provision of article I, section 9 of the California Constitution, and is therefore illegal and void.
Invalid Terms of Probation
As part of the terms of probation the court included the following: “(a) Not solicit or accept a ride from motorists, (b) Not approach male pedestrians or motorists or engage them in conversation upon a public street or in a public place.” A condition of probation will not be held invalid unless: “It ‘(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .’ [citation].” {People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)
*Supp. 42 While a more narrowly drawn set of conditions of probation would pass muster under the requirements of the Lent {supra) case, we find these two to be overly broad in the otherwise legal activities here proscribed (i.e., accept a ride from any motorist, engage male pedestrians in conversation in a public place).
The judgment of conviction is affirmed; the judgment granting probation and imposing the $5 penalty fine is reversed with directions to more narrowly limit the terms of probation as to the two conditions enumerated and to vacate the imposition of the $5 penalty fine.
Cole, P. J., and Ibáñez, J., concurred.

 “CALJIC 4.60 (1970 Revision [1976 pocket part]) ENTRAPMENT—WHEN A DEFENSE A person is not guilty of crime when he commits an act or engages in conduct, otherwise criminal, when the idea to commit the crime did not originate in the mind of the defendant but originated in the mind of another and was suggested to the defendant by a law enforcement officer or a person acting under the direction, suggestion or control of a law enforcement officer for the purpose of inducing defendant to commit the crime in order to entrap him and cause his arrest.
“CALJIC 4.61 (1974 Revision [1976 pocket part]) FURNISHING OPPORTUNITY IS NOT ENTRAPMENT Law enforcement officers . . . may provide opportunity for the commission of crime and extend their apparent cooperation for the purpose of detecting the offender. If the suspect, originally and independently of the officer. . . had the intent, whenever the opportunity arose, to commit the acts constituting the crime charged and if he does acts necessary to constitute the crime, he is guilty of the crime committed. He has no defense in the fact that officers . . . engaged in detecting crime were present and provided the opportunity, or aided or encouraged the commission of the offense.
“CALJIC 4Í63 ENTRAPMENT—BURDEN OF PROOF The defendant has the burden of proving by a preponderance of the evidence that he was entrapped into the commission of the crime. Preponderance of the evidence means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth.”

“CALJIC, Misdemeanor, No. 16.420 PROSTITUTION Penal Code, § 647(b) Every person who solicits another to engage in . . . [sexual intercourse for money or other consideration] [or] [any lewd act between persons of the same or different sexes for money or other consideration], is guilty of a misdemeanor.
[Where solicitation is the question to be decided, it is immaterial whether the object of the solicitation was carried out.]”
“CALJIC, Misdemeanor, No. 16.402 LEWD CONDUCT—“LEWD AND DISSOLUTE”—DEFINED
As used in the foregoing instruction, the word . . . “lewd” . . . mean[s] lustful, lascivious, unchaste, wanton, or loose in morals and conduct.”