SAETA, J., Dissenting.
The defendant raised and argued only three grounds of appeal: (1) the court erred in consolidating the two counts; (2) the court failed to instruct properly on specific intent; and (3) the court committed prejudicial error in commenting on the evidence. (See engrossed statement on appeal and the opening brief.) I cannot join in the majority opinion as it goes far beyond the issues raised in this case.
*Supp. 18 At oral argument the parties informed us that count II would not be retried after the mistrial. The count related to the activities at the hotel with the robbery and grand theft overtones. If there was any instructional error as to the proper wording of the specific intent to solicit an act of prostitution (an issue I need not discuss), that error really was applicable only to the fact circumstances of the charge in count II. The conviction of count I, from which defendant appeals, involved only a solicitation on the street wherein the facts in dispute were whether defendant or her passenger solicited the officer. That dispute is similar to the fact dispute involved in People v. Norris (1978) 88 Cal.App.3d Supp. 32, 40-41 [152 Cal.Rptr. 134]. Norris held the lack of a specific intent instruction was not prejudicial error as the jury must have decided that the defendant spoke the words of solicitation and those words carried with them the necessary intent. The same logic applies to our case.
Rule 184, California Rules of Court, relied on by the majority, by its own terms does not permit the court to reach any potential evidentiary error disclosed by the record if the parties do not raise that error in the settled statement or briefs. Such is the situation here: neither defendant nor the People has raised the issue of error in allowing evidence of prior acts of misconduct nor the constitutionality and application of Penal Code section 647, subdivision (b) to the facts of this case. (People v. Spalliero (1975) 54 Cal.App.3d Supp. 1, 3, fn. 1 [126 Cal.Rptr. 469].) Under these circumstances, the bulk of the opinion is unnecessary to a decision on the merits of the appeal from count I.
Given the lack of prejudice to the defendant of any claimed errors at the trial, I would affirm the judgment as to count I, there being no appeal from the mistrial of count II.